IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ALTURO PASCO,                         :
                                      :
          Plaintiff                   :
                                      :
                                      :
     VS.                              :        **1 : 06-CV-68 (WLS)**
                                      :
Officer ANTHONY WALKER, et al.,       :
                                      :
                                      :
          Defendants.                 :
_____

**ORDER AND RECOMMENDATION**

Presently pending herein are the plaintiff's Motion to Amend, Motion for Extension of
Time to complete discovery, and Motion to Dismiss a defendant. The plaintiff filed this action
on May 3, 2006, raising multiple claims against multiple defendants regarding the conditions of
his confinement at the Dougherty County Jail between March 2004 and April 2005.

***Motion to amend***

In a motion to amend filed on February 9, 2007, the plaintiff seeks to add claims regarding
his access to counsel and a claim that defendant Ricky Davis refused to provide him a cup with
which to drink water during his confinement in segregation. This Motion to Amend appears to
address deficiencies identified in portions of plaintiff's complaint, resulting in the
recommendation of dismissal of certain claims on January 8, 2007. The recommendation that
certain claims and defendants be dismissed was adopted by the district court on May 29, 2007.
In regard to claims that were recommended dismissed, Plaintiff now attempts to couch his mail
limitation claims in terms of denial of access to his attorney and the courts, stating that he was
limited to sending and receiving mail to and from his attorney only every other day and that his

access to legal and writing materials was limited to fifteen (15) minutes every other day, denying him access to the courts.  The plaintiff further provides specific details as to his claim(s) against defendant Ricky Davis, alleging that Davis denied him access to a cup for drinking water in segregation, forcing plaintiff to use his hand to drink water from the faucet.

Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served".  Inasmuch as responsive pleadings were not filed prior to the court's receipt of the plaintiff's motion, the court has no discretion to deny said "motion" to amend.  Accordingly, said motion is hereby **GRANTED**.

However, the court finds that portions of the plaintiff's proposed amendment are insufficient to state claims of constitutional magnitude, to wit, his claim that Ricky Davis violated his constitutional rights by refusing to give him a cup for drinking water from his cell sink, forcing him to drink water from his hands.  As stated in the undersigned's initial recommendation herein, prison conditions that are challenged as violating the Eighth and/or Fourteenth Amendments must objectively deny the detainee the minimal necessities of civilized life and the responsible prison officials must subjectively act with a sufficiently culpable state of mind.  Hudson v. McMillan, 503 U.S. 1, 8-9 (1992); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).  It does not appear that the alleged denial of a cup for drinking water in his cell denied the plaintiff the "minimal necessities of civilized life", and this allegation therefore will not support a claim of constitutional violation.  It is recommended that this claim be **DISMISSED.**


***Motion for Extension of Time***

In his Motion for Extension of Time in which to complete discovery, the plaintiff asks for a ninety (90) day extension of the discovery period, presently set to end on or about June 26, 2007. The plaintiff cites to discovery disputes with the defendants as a basis for extending the discovery period.

Plaintiff's request to extend the discovery period is hereby **GRANTED**, but only for a period of forty-five (45) days. Discovery herein will therefore close on **August 10, 2007**.

*Motion to Dismiss*

It is also recommended that Plaintiff's Motion to Dismiss defendants Jamil Saba and Dougherty County Georgia be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations issued herein with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 18th day of June, 2007.

 /s/ ***Richard L. Hodge***                            
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb